Hart, J., concurs.
Josephine Linker Hart, Justice, concurring.
I agree that our precedent requires us to affirm this case, but I write separately to point out the rule of law that this case has solidified if not, in-part, created. I also wish to emphasize that this court's disposition of this case most definitely does not sanction springing prosecution witnesses on the defense on the eve of trial.
As the majority notes, Rule 17.1 of the Arkansas Rules of Criminal Procedure required the State to disclose Ms. Gibson's name and address. Certainly the State did disclose that information in this case, albeit on the eve of trial. However, Rule 17.2(a) requires that "[t]he prosecuting attorney shall perform his obligations under Rule 17.1 as soon as practicable." While I am mindful that the circuit court apparently accepted the State's assurance that its dilatory disclosure was not an effort to "sandbag" the defense, the late disclosure of a pivotal prosecution witness should have compelled the circuit court to grant a continuance. I am troubled that the circuit court elevated docket management over Mr. Duncan's constitutional right to a fair trial. An entire defense strategy can be undermined by such a belatedly disclosed witness. Perhaps the Arkansas Supreme Court Standing Committee on Criminal Practice needs to explore the question whether a continuance should be mandated.
However, based on the arguments made and the record before us, I agree that this case must be affirmed. Our review of a circuit court's denial of a continuance motion, like every allegation of trial error, hinges on whether the error is "prejudicial." E.g. , Hickman v. State , 372 Ark. 438, 443, 277 S.W.3d 217, 222 (2008). This requirement of prejudice leads to the unusual rule of law implicated by this case.
For reversal, Mr. Duncan relies on McEwing v. State , 366 Ark. 456, 237 S.W.3d 43 (2006). In McEwing , the defense informed the State of a new witness the day before trial, and the State objected to allowing the witness to testify. Id. The *585 defense offered to permit the State to interview the witness prior to that witness testifying. Id. The circuit court found that accommodation reasonable, but conditioned allowing the witness to testify on the State confirming that it had adequate time to prepare to cross-examine the witness. Id. The witness was ultimately excluded because the State informed the court that, given the demands of its trial preparation, it had not been able to interview the witness. Id. The following colloquy in McEwing is illustrative:
[ THE COURT ]: Okay. Well, what I'll do is this. I'll let the State talk to both the witnesses, Janelle-what is her last name?
[ DEFENSE COUNSEL ]: Young.
[ THE COURT ]: Young and Annette McGee. I'm not going to-if the State won't allow you all-if you all can't prepare a response to the-to their testimony, I'm going to exclude Janelle Young. If McGee, Annette McGee is in the file, then I'll allow her to testify, but I'll exclude Janelle Young if the State doesn't-if they can't, because they may want to do her record or find out on that. It's just unfair. You can't do that. I won't allow it unless the State has had a chance to talk to the witness and if it feels that it can adequately do a cross examination then I'll allow it. But otherwise I'm not going to allow that witness to testify. All right.
....
[ THE COURT ]: Did you guys have a chance to talk to the other witness?
[ DEPUTY PROSECUTING ATTORNEY ]: Your Honor, we've had so many problems getting our own witnesses here.
[ THE COURT ]: Okay. All right. I'll allow the one witness, the mother.
[ DEFENSE COUNSEL :] Okay. For the record, I would like to state that I think, you know, they could've called and checked or had their office in the five hours, four hours that we've been here and call ACIC at least and check and see if she had any record or anything like that.
[ THE COURT :] All right.
366 Ark. at 459-460, 237 S.W.3d at 45-46.
In my view, McEwing is directly on point, and Mr. Duncan has misinterpreted the holding, to his detriment. The broad holding in McEwing is that a belatedly disclosed witness should be excluded if it prejudices the other side, but determination of that prejudice is based on the adverse party's representation to the circuit court that it was unable to adequately prepare for the belatedly disclosed witness. It is disquieting to note this rule of law, because it has the potential to bring about outcomes that do not necessarily comport with justice. Furthermore, it is precedent for requiring a circuit court to cede its authority to order a continuance to an adverse party that has strong incentive to impair the opposing party's case.
In McEwing , the deputy prosecutor asserted that he did not have time to interview the witness and that he could not adequately prepare for the witness, so the circuit court disqualified the witness. In the case before us, Mr. Duncan's defense counsel took the time to interview Ms. Gibson and expressed confidence that he could adequately cross-examine her. My vote to affirm this case rests on the fact that the record demonstrates that Mr. Duncan's confidence in his ability to impeach Ms. Gibson on cross-examination was well-founded.
On cross-examination, Mr. Duncan's defense counsel elicited testimony from Ms. Gibson that she would probably test positive for marijuana on the day she testified and that she had smoked it on and off for *586 about 15 years. Further, she admitted that she had dated the victim's father for about 15 years prior to the victim's death, that she regarded the victim like a son, that it had hurt her to see the victim shot, and that she wanted "justice" for him. Ms. Gibson also had to admit that she had been arrested before because a man "put his hands on" her and she "cut him with a knife," but she was not charged with a crime. She also revealed that she had pleaded guilty to felony abuse of an adult in Lonoke County in 2008 when she worked in a nursing home, that she was placed on probation for three years, and that she had the crime expunged. Accordingly, there is no proof of prejudice in the record before us.
I concur.